# CHARLETSON.

James Sons & Co. *v.* Gott & Ball.

55    223
d63    201

Submitted February —, 1904.—Decided March 8, 1904.

1. Record—*Amendment on Appeal.*

Amendments of the records of the circuit court in pending appeal cases, cannot be made in this Court, but application for such amendments must be made to the circuit court. Omissions of the clerk in copying such records may be supplied by *certiorari,* and papers not parts of such record, by mistake copied therein, will be disregarded if apparent from the record or on his certificate of the fact. (p. 224).

2. Office Judgment—*Agreement to Continue Prevents Finality Thereof.*

At the term at which an office judgment would become final by operation of the statute, if the plaintiff agrees with the defendant to continue the case until the next term and such agreement and continuance is entered of record, they will prevent the office judgment becoming final by operation of the statute, and it cannot thereafterwards become final until it is entered up as the judgment of the court. (p. 225).

3. Office Judgment—*When it May be Set Aside.*

Before such office judgment becomes final by such entry, the defendant may have the same set aside by filing his counter affidavit and pleading to issue. (p. 226).

Error to Circuit Court, Mercer County.

Action by Wm. James' Sons & Co. against Gott & Ball. Judgment for plaintiffs. Defendants bring error.

*Reversed.*

R. F. DUNLAP and HEFLIN & LIVELY, for plaintiffs in error
MILLER & READ, for defendants in error.

DENT, JUDGE:

Gott & Ball, plaintiffs in error, complain of a judgment of the circuit court of Summers County, against them in favor of Wm. James Sons & Company, defendants in error, for $753.71 rendered on the 25th day of May, 1903.

The defendant in error moved to amend the record in this case by expunging therefrom the words, "May 30, 1896, Mr. Cook gave us his note for $150.00, but only $100.00 of it to be applied on this acceptance and the other $50.00 credit on Book, etc. Explanatory and also a further indorsement appears, through which a pen line has been drawn, to-wit: Received on the within May 30, 1896, as above (this being the same credit $100.00)," being an indorsement on the order sued on and which the defendant in error claims was erased and improperly copied by the clerk. It files an affidavit for this purpose and plaintiff files a counter affidavit and resists the motion. If it is true that the clerk improperly copied such memorandum as a part of record when it had been erased, a certificate from the clerk would make its expungement necessary, but affidavits cannot be received in this Court to correct the record as certified by the clerk. If the clerk has omitted papers from the record he should have copied, a *certiorari* will lie to bring up such omitted portions, or if the clerk has copied papers in the record that are not properly parts of it, if such fact appears from the record, the court will disregard them, otherwise the clerk's certificate must be obtained showing why he copied such papers. If they were properly copied by him and ought not to be in the record, and are apparently true parts thereof, the record cannot be amended in this Court, but the party injured thereby must appeal to the circuit court for the amendment of its record, and then have the same certified to this Court. This Court acts on the record as made by the circuit court and will not entertain motions to amend it as so made, but such motions must be addressed to the circuit court, and such amendments if proper, made in such court. *McClure-Mabie Lumber Co.* v. *Brooks,* 46 W. Va. 732, (34 S. E. R. 921).

The plaintiff brought its suit and filed with its declaration an affidavit in accordance with section 46, chapter 125. At the next term before the office judgment became final the parties to the suit agreed to a continuance. At the next term no order was made. At the third term the plaintiff moved for judgment. The defendants then appeared and tendered their affidavit and pleas and asked that the office judgment be set aside, and that they be permitted to file the same. The court refused to permit defendants to plead but entered up judgment for the plaintiff.

This is claimed by the plaintiff to be in accordance with the rule established by this Court in the case of *Marstiller* v. *Ward,* 52 W. Va. 74, (43 S. E. R. 178). This holding by the Court is undoubtedly right unless the agreement to a continuance had the effect of preventing the office judgment from becoming final by law. The object of these provisions of the statute is to allow the plaintiff to have a judgment without unreasonable delay. The plaintiff may waive the benefit thereof, and agree that the office judgment shall not become final in accordance with the statute. It's agreement to a continuance is, in effect, such agreement, for the case is carried over to the next term in the same condition that it was in when the agreement became a part of the record by consent of the parties. 9 Cyc. 150. The court could not have on its own motion entered a continuance to have such effect. nor could the defendants have had a continuance without filing their affidavit and pleading to issue. But the plaintiff had the right to grant to the defendants time until next term to file their affidavit and plead to issue, and thereby the operation of the law is interrupted and the finality of the office judgment prevented, and such office judgment cannot thereafterwards become final until it is entered as the judgment of the court. *King* v. *Hicks,* 32 Md. 460. If such was not the purpose of the continuance, why was it agreed to by the plaintiff? It had the law in its own hands. All it had to do was to wait and let it take its course. It agreed that it should not take its course, by matter entered of record. If it was not sincere in this agreement, it should not have entered it, but required the defendants to plead to issue. Now, to claim that it does not have any effect would permit the plaintiff to take an unjust advantage of the defendants. A party may waive a statutory right when such waiver is not contrary to public pol-

icy. 28 En. Plead. & Prac. 535. Such waiver prevents the office judgment from becoming final, and the defendant may afterwards, until it becomes final by order of court, file his affidavit and plead to issue. If a party agrees his legal rights away when he may, he must accept the consequences thereof. 1 Black on Judgments, section 86, the law is stated to be: "When a default has actually been entered against the defendant, he cannot escape its consequence by filing a plea or answer, unless by consent of the plaintiff or leave of the court. But a default may be waived; and it will be considered that this is done if the plaintiff subsequently permits the defendant without objection to participate in the proceedings, as by filing an answer or demurrer." *Cornell University* v. *The Denny Hotel Co.* 15 Wash. 433.

Any appearance under our statute, is an appearance to the action, but will not authorize the setting aside the office judgment unless by plea properly filed, although with the consent of the plaintiff, it will prevent the office judgment becoming final by operation of law, so that judgment may not thereafterwards be taken by default, but the office judgment may be entered up in court for want of a proper plea.

The circuit court therefore erred in not permitting defendants to file their affidavits and plead to issue at the May Term, 1903. This makes it unnecessary to consider the various minor objections urged by the defendants as to the insufficiency of the declaration, the necessity for a writ of enquiry, which appear however, to have no substantial foundation, as the only object of the defendants appears to be to have a hearing on the merits of the controversy as raised by the pleas. The judgment is reversed and the case is remanded with leave to the defendants to file their affidavit and pleas and for further proceedings.

*Reversed.*