# CHARLESTON

FEDERATION WINDOW GLASS COMPANY v. CAMERON
GLASS COMPANY, et al.

58    477'
f61   167

Submitted September 14, 1905.   Decided December 12, 1905..

1. DAMAGES—*Judgment by Default—Writ of Inquiry.*
   Where the declaration in an action of *assumpsit* contains the common counts, and one or more special counts upon promissory notes in writing for the payment of money, and office judgment by default is entered at rules, the necessity of an order for inquiry of damages in the action is not avoided by section 45, chapter 125, Code. (pp. 479, 481.)

2. JUDGMENT—*Office Judgment—Pleading.*
   Such office judgment does not become final on the last day of the next succeeding term of court, not having been previously set. aside, so as to bar a defense thereafter, but the defendants may plead to issue at any time before the order for inquiry of damages is executed. (p. 479.)

3. ASSUMPSIT—*Account—Filing Account.*
   The plaintiff in an action of *assumpsit* does not waive the common counts of his declaration by failing to file the account required by section 11, chapter 125, Code, at the time the declaration is filed. He may file the account afterwards and rely upon the. common counts. (p. 480.)

Error to Circuit Court, Marshall County.

Action by the Federation Window Glass Company against. the Cameron Glass Company and others. Judgment for plaintiff, and defendant, M. L. Benedum brings error.

*Reversed and Remanded.*

RILEY & RITZ, for plaintiff in error.

J. C. SIMPSON, for defendant in error.

COX, JUDGE.

This action of *assumpsit* for $15,000 damages was commenced in the circuit court of Marshall county on the 17th day of October, 1903, by the Federation Window Glass Company, a corporation, against the Cameron Glass Company, a corporation, M. L. Benedum, A. E. Fox and D. C. Harkins. Process was served on the defendants on the 27th day of October, 1903. The plaintiff filed an original and two amended declarations. The original was filed at November rules, 1903..

The first amended declaration was filed in open court on the 26th of January, 1904, and was remanded to rules for proceedings thereon, the defendants' not having appeared. The second amended declaration was filed at May rules, 1904. Each of these declarations contained the common counts in *assumpsit*, and one or more special counts upon two promissory notes in writing for the payment of money, alleged to have been made by the Cameron Glass Company on the 21st of July, 1903, payable to its order sixty days after date, each calling for $6,000, and endorsed by said corporation, M. L. Benedum, A. E. Fox and D. C. Harkins. No bill of particulars was filed with either of the declarations. The record discloses no appearance by defendants at May rules, 1904, when the second amended declaration was filed, but the clerk entered a rule to plead against them. At June rules, 1904, the clerk made the following entry: "Affidavit filed by plaintiff, and, defendant failing to plead to declaration, judgment entered for plaintiff againt defendant for damages mentioned' in declaration as shown by affidavit." At the June term of court, 1904, following, nothing was done in the case. By an order entered in term on December 2, 1904, it appears, in substance, as follows: Defendant Benedum moved for a *nunc pro tunc* order showing a demurrer to the first amended declaration and joinder therein by plaintiff, and moved to quash the plaintiff's affidavit filed, and to set aside the office judgment entered at June rules, 1904, and asked leave to demur, and file his plea of *non-assumpsit* to the second amended declaration. The court refused the *nunc pro tunc* order, refused to permit Benedum to demur and to file the plea of *non-assumpsit* to the second amended declaration, quashed plaintiff's affidavit filed at June rules, 1904, permitted plaintiff to file another affidavit under section 46, chapter 125, Code, refused to give Benedum time to file a counter affidavit, and proceeded to treat the office judgment as final and to ascertain plaintiff's damages in accordance with the last affidavit, and entered judgment in favor of plaintiff against defendfendants for the sum of $10,037.45 and costs. Benedum excepted to the several rulings of the court against him, and afterwards obtained from a Judge of this Court a writ of error to and *supersedeas* from the judgment.

The vital question in this case is: Did the office judgment

entered at June rules, 1904, become final on the last day of the June term, 1904, of the circuit court of Marshall county, it not having been previously set aside, so as to bar a defense thereafter? The second amended declaration, upon which this office judgment was entered, contained the common counts, and a special count upon the two promissory notes mentioned.

Plaintiff claims that this office judgment became final on the last day of the June term, 1904, so as to bar a defense thereafter, and relies upon the cases of *Hutton* v. *Holt*, 52 W. Va. 672; *Marstiller* v. *Ward*, 52 W. Va. 74, and *Bradley* v. *Long*, 57 W. Va. 599. Those cases involved the finality of office judgment in actions where no order for inquiry of damages was proper or necessary. The authority of those cases does not apply to actions in which such order is necessary. The recent case of *Philip Carey Mfg. Co.* v. *Watson*, decided by this Court at this term, involved the question of the finality of office judgment in an action of *assumpsit* where the declaration contained only the common counts. In that case, it was held: "In an action of *assumpsit*, where an order for inquiry of damages is required, the office judgment entered at rules does not become final on the last day of the next succeeding term of court, if not previously set aside, so as to bar a defense thereafter, but the defendant may plead to issue at any time before the order for inquiry of damages is executed." The only material difference between that case and the case here presented is, that the declaration here contained, in addition to the common counts, the special count upon the two promissory notes; but this fact did not take the common counts out of the declaration. We do not deem it necessary to repeat what we have said in the case last mentioned. Section 45, chapter 125, Code, only makes an order for inquiry of damages unnecessary in an action for debt upon any bond or other writing for the payment of money, or against the drawer or endorser of a bill of exchange or negotiable note, or in an action of debt or *scire facias* upon a judgment or recognizance. It may be argued that this action, while not an action of debt, is an action for debt, on writings for the payment of money, and therefore exempted by said section from the necessity of an order for inquiry of damages. This argument might come

with much force if it were not for the common counts. The common counts were as much a part of the declaration as the special count. The common counts stood as parts of the plaintiff's demand against the defendants, at the time this office judgment was entered at rules.

The plaintiff insists that the common counts must be deemed to have been waived, because no bill of particulars was filed under them, and that the office judgment therefore could only have been upon the special count. The statute, section 11, chapter 125, Code, provides that in every action of *assumpsit* the plaintiff shall file with his declaration an account distinctly stating the several items of his claim, unless it be plainly described in the declaration, and if he fail to do so he shall not be permitted to prove any item not stated in such account on the trial of the case. The object of a bill of particulars is to specify the claim, and prevent surprise on the trial. 3 Ency. Pl. & Prac. 519. The bill of particulars under the statute is no part of the declaration. *Riley* v. *Jarvis*, 43 W. Va. 43. The failure to file a bill of particulars in an action of *assumpsit* is not ground for demurrer (*Sheppard* v. *Peabody*, 21 W. Va. 368); nor is the fact that the bill is too vague (*Abell* v. *Penn Ins. Co.*, 18 W. Va. 412.) Where the bill is too vague, advantage may be taken of the defect by excluding the plaintiff's evidence. The bill of particulars not being a part of the declaration, no rules could have been taken upon it if it had been filed. We do not think, under our decisions and practice, that the plaintiff waived the common counts by not filing the bill of particulars at the time the declaration was filed. Plaintiff might file the bill later, and rely upon the common counts. We do not understand that it is absolutely necessary that the plaintiff file the bill at the time the declaration is filed. The statute does not say so. It seems to us that the statute means that he shall file the bill in support of, and to amplify and supplement, his declaration, but not necessarily at the same time the declaration is filed. If the plaintiff fails to file the bill, the penalty is the exclusion of his evidence as to any item not plainly described in the declaration. The defendant before trial may demand such bill. *Transportation Co.* v. *Standard Oil Co.*, 50 W. Va. 611.

In this case, the plaintiff has chosen to bring an action of

*assumpsit* sounding in damages, combining the common counts, which require an order for inquiry of damages, with a special count on promissory notes.  It is said in 6 Ency. Pl. & Prac., 132, that where the damages are unliquidated a judgment by default can never be rendered without reference to a jury, unless by express provision of the statute.  See, also, *James River, etc., Co.* v. *Lee,* 16 Grat. 422; *Smithson* v. *Briggs,* 31 Grat. 180.  The common counts are not relieved from the necessity of an order for inquiry of damages by section 45, chapter 125, Code.  That being true, the action is not relieved from such order, although the declaration contains the special count in addition to the common counts.  If such order is necessary, then the office judgment entered at June rules, 1904, did not become final, either under section 46 or section 47, chapter 125, Code, on the last day of the next succeeding term of court, it not having been previously set aside, so as to bar a defense thereafter.  We so held in the case of *Philip Carey Mfg. Co.* v. *Watson, supra.*

Therefore, we now hold that where a declaration in an action of *assumpsit* contains the common counts, and one or more special counts upon promissory notes in writing for the payment of money, and office judgment by default is entered at rules, the necessity of an order for inquiry of damages is not avoided by section 45, chapter 125, Code; and that such judgment does not become final, on the last day of the next succeeding term of court, not having been previously set aside, so as to bar a defense thereafter, but the defendants may plead to issue at any time before the order for inquiry of damages is executed.

It is unnecessary for us to say whether or not the judgment in this case is erroneous because the office judgment was entered after a rule to plead, when there had been no appearance by defendants.

We do not desire to be understood by this decision as holding that an order for inquiry of damages would be necessary in an action of *assumpsit* where the declaration contained only counts upon a writing or writings for the payment of money, or that in such case an office judgment by default would not become final on the last day of the next succeeding term of court.  That case is not before us, and we decide nothing in relation to it.

It follows from what we have said that the lower court erred in refusing to permit the defendant Benedum to demur and plead on the 2nd day of December, 1904. For this error, the judgment must be reversed as to all of the defendants. *State ex rel. Kloak Bros* v. *Corvin*, 51 W. Va. 19. This action is remanded, with directions to admit, under the rules of law, any proper defense which the defendants or either of them shall offer before an order for inquiry of damages is executed, and to be further proceeded with according to law.

*Reversed and Remanded.*