# CHARLESTON

## WALLS *v.* ZUFALL & CO.

Submitted September 9, 1906.   Decided December 18, 1906.

1. TIME OF FILING PLEAS IN AN ACTION.

   In an action of such character as requires an inquiry of damaages a plea may be filed at the first term after office judgment, or at any later term before the inquiry of damages is executed. (p. 167.)

2. AFFIDAVIT TO SET ASIDE OFFICE JUDGMENT.

   Though an affidavit filed with a plea by the defendant under section 46, chapter 125, Code of 1899, does not literally comply with the language of that section, yet if it substantially answer its demand, the affidavit is sufficient.   (p. 168-9.)

Error from Circuit Court, Randolph County.

Action by J. H. Walls against William H. Zufall & Co. Judgment for plaintiff.   Defendants bring error.

*Reversed.*

JAMES T. DAILEY and WM. G. CONLEY, for plaintiffs in error.

MONROE & BRADY, for defendant in error.

BRANNON, JUDGE:

J. H. Walls filed in the circuit court of Preston county a declaration in *assumpsit* containing only the common money counts against William H. Zufall & Company and filed an open account for a bill of particulars.   At the rules when the declaration was filed the defendant appeared and demurred to the declaration.   No conditional judgment or order for inquiry of damages was entered at rules.   At the next two terms the case was continued.   At the third term of the court the defendant offered the plea of *non-assumpsit* and two other pleas.   The court rejected the pleas as too late, and refused to consider the demurrer, and ordered the rules changed, and in such change failed to enter an order for an inquiry of damages, but ordered the conditional judgment to be entered as at the second rule day, and then proceeded to render final judgment of recovery against the defendants.

We do not see why the court refused to act on the demurrer filed at the first rule day. It is not necessary for me to say that a demurrer is a legitimate defence in an action recognized through centuries, and certainly usable to-day. Its office is to say that the declaration does not state facts calling for judgment under the law. But the court's refusal to act on the demurrer must be treated as if it had been overruled. Hogg's Pleading and Forms, section 179, citing *Hood* v. *Maxwell*, 1 W. Va. 219, and *B. & O. Co.* v. *Morehead*, 5 *Id.* 293, and those authorities, and *Coyle* v. *B. & O. Co.* 11 *Id.* 94, show that if the declaration is good, the ignoring of the demurrer does not make error. Such is the case here.

We do not discuss the right of the court at the third term to change the rules.

We next come to the question whether the court erred in refusing to allow the pleas. The court regarded them as coming too late. How so? The action was *assumpsit* upon an open account, an action of that nature calling for an inquiry of damages under Code 1899, chapter 125, section 45, Annotated Code of 1906, section 3865, demanding such inquiry of damages except in an action to recover a debt due upon bond or other writing for the payment of money, or against the drawer or endorser of a bill of exchange or negotiable note, or in an action of debt or *scire facias* upon a judgment or recognizance, and therefore it was not too late to file a plea; for as held by *Philip Carey Co.* v. *Watson*, 58 W. Va. 189, under section 47, in an action of *assumpsit*, where an order of inquiry of damages is required, the office judgment at rules does not become final on the last day of the next term, so as to bar a defence thereafter, but the defendant may plead to issue at any time before the order of inquiry of damages is executed. The same principle was repeated in *Federation Co.* v. *Cameron Co.*, 52 S. E. 518, 58 W. Va. 477. These cases repel all idea that these pleas could be rejected as coming too late, the reason given by the court in the record. The rejection of these pleas for that reason cannot be sustained on such cases as *Marstiller* v. *Ward*, 52 W. Va. 74. They refer to cases where no writ of inquiry is required. That case expressly states that in all actions on contract or for tort calling for a writ of in-

quiry there may be a plea after the first term. Counsel for plaintiff concede that if in this action an inquiry of damages is necessary, it was error to correct the rules by directing a conditional judgment, and failing to make an order for inquiry of damages; but contend that as the affidavit under section 46 was filed by the plaintiff with his declaration and it proved the cause of action and a certain amount due, no such inquiry of damages was necessary, and ask, Why necessary? I answer that such inquiry is required by the statute in such a case. No matter that the affidavit fixes the amount. The defendant may contest it. It has to be ascertained by a jury what the amount is.

The defendant tendered three pleas, one *non-assumpsit* and two others. The court improperly rejected the general issue. The other pleas were properly rejected, treating them as pleas. What kind of pleas are they? They are very informal. They are affidavits. One of them says that "for answer to the plaintiff's declaration (affiant) deposes and says that he denies each and every allegation therein contained, and says that there is no money or any other thing of value due from the said defendant, W. H. Zufall & Company, to the said J. H. Walls." The other so-called plea is: "W. D. Arthur, one of the defendants in the above styled cause, for answer to said plaintiff's declaration, deposes and says that he denies each and every allegation therein contained, and denies that there is any money or other thing of value due and owing on account, contract or otherwise from the defendant W. H. Zufall & Company to the said plaintiff, J. H. Walls." They are not good as pleas. They have no title of the case. They do have the heading of County of Preston in the circuit court thereof, but in what case filed does not appear. They have no conclusion or tender of issue. Another reason justifying their refusal is that they are a general traverse of the declaration and amount to the general issue and their matter is provable under that issue. But though not good as pleas, they will answer as affidavits attending the general issue, if any affidavit in such case as this, where there was no office judgment or writ of inquiry, is required, a matter which we do not decide. The statute requires the defendant to make affidavit "that there is not, as he verily believes, any sum due from him to the plaintiff

upon the demand or demands stated in the plaintiff's declaration." These affidavits are not literally in conformity to the statute, but substantially answer the demand of the affidavit prescribed by the statute. Why they were not drawn in its language, under the rule that where an indictment or other pleading or affidavit is required by statute, the statute should be followed, we cannot say. We do not think affidavits in such case require the same strictness as pleas. They have no beginning or conclusion. They should have the title of the case as an ear mark to identify them with the case; but we collect that as it was a proceeding in the circuit court of Preston county and the names of the defendant and plaintiff are given, and as they are certified as part of the record of this particular case, they were filed in this case.

Therefore we reverse the judgment, and allow the plea of *non-assumpsit* to be filed, and allow the other two so-called pleas specified in bills of exceptions Nos. 2 and 3 to be filed as affidavits, and remand the cause to the circuit court.

*Reversed.*