## Wytheville.

POLLARD & HAW v. AMERICAN STONE CO.

June 9, 1910.

Absent, Harrison and Cardwell, JJ.

1. JUDGMENTS—*Office Judgments—Postponement of Trial by Consent—Waiver—When Judgment Becomes Final.*—Where counsel for the plaintiff in an action on the office judgment docket, knowing that a case will be contested, requests that a later day during the term be set for the trial, and the court, with the consent of the attorney for the defendant who is present, sets the case for trial on a day subsequent to the fifteenth day of the term, on which day the office judgment would ordinarily have become final, such action by the court, with the consent of counsel on both sides, will prevent the office judgment from becoming final by operation of the statute, although no plea was filed; and it cannot thereafter become final until it is entered up as the judgment of the court. The object of the provision of the statute as to when an office judgment shall become final, if no plea is entered, is to allow the plaintiff to have a judgment without unreasonable delay. The statute is for the benefit of the plaintiff, and he may waive it, if he chooses, and will be held to have waived it by an agreement to postpone the trial to a date subsequent to that at which the judgment would otherwise become final. Where the agreement is for a postponement to a subsequent day of the term at which the office judgment would become final, the agreement need not be entered of record, as the record is *in fieri*, and the order may be entered at any time before final adjournment.

Error to a judgment of the Circuit Court of the city of Richmond in an action of assumpsit. Judgment for the defendant on the question now in dispute. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Haw & Haw* and *Hill Carter*, for the plaintiffs in error.

*O'Flaherty & Fulton*, for the defendant in error.

WHITTLE J., delivered the opinion of the court.

The plaintiffs in error brought assumpsit against the defendant in error to recover $1,207.75 to January Rules, 1909, and caused a copy of the account to be served with the summons. There was no appearance at rules on behalf of the defendant, though counsel addressed a letter to the clerk requesting that they be marked as such. It is the rule of the court, on the first day of each term, to sound the docket, and all cases in which requests are made are set for trial on specified days. Accordingly, on the first day of the February term, when this case was reached (counsel on both sides being present), the plaintiffs, by their attorney, requested a day, and the court, with the consent of the attorney for the defendant, set the case for trial on the 12th of March. That date, it will be observed, was subsequent to the fifteenth judicial day of the term, on which day the office judgment entered at rules would ordinarily have become final.

After the fifteenth day of the term, counsel furnished a list of witnesses to the clerk to be summoned for the defendant, but were informed by that officer that the office judgment having become final he was without authority to summon witnesses in the case. Thereupon, the defendant moved the court to set aside the office judgment and permit it to plead to issue. The court in the first instance overruled the motion, but subsequently set aside the office judgment and allowed the plea of *non-assumpsit* to be filed. The case was ultimately tried at the same term, and resulted in a verdict for the plaintiffs for $519.30. The plaintiffs moved to set aside the verdict because the court was without jurisdiction to try the case after the office judgment had become

final, but the motion was overruled and judgment entered upon the verdict.

Affidavits were filed in the case by counsel on both sides. On behalf of the defendant it was alleged that on the motion of counsel for the plaintiffs, and by consent of the affiant, the case was set for trial on the 12th of March, no question being raised that the issue had not been made up. By counteraffidavit, counsel for the plaintiffs, without denying the main facts, asseverated that it was not his intention to waive any right which his clients might have had by reason of the failure of defendant to plead within the required time.

From the foregoing summary of material facts, it is not possible to escape the conclusion that it was understood and agreed, both by the court and counsel, that the case was to be tried on the merits, and not to go off on office judgment. If counsel for the plaintiffs entertained any other view or purpose, it was undisclosed and contrary to his conduct and agreement. The bare suggestion that fixing the case for trial on a future day of the term, beyond the time at which the office judgment would regularly have become final, was not intended to carry the case over in the condition in which it stood when the compact was entered into, would necessarily have put counsel on guard, and the pleadings would have been made up at once.

The case must not be confounded with a proceeding under Va. Code, 1904, sec. 3293, where the supervisory power of the court is invoked to correct misprisions of the clerk during the preceding vacation. It stands upon a wholly different footing and involves an entirely different principle. Here, the court, in the interest of the due administration of justice, is asked, during the same term, to enforce the agreement of counsel, made by its approval, with respect to a pending case, the only possible effect of which agreement was to prevent the office judgment from becoming final and to secure a trial on the merits.

That the defendant had a substantial defense to the action is apparent from the result of the trial. In that connection also it appears, that the plaintiffs did not except to the verdict of the jury on the ground that it was contrary to the law and the evidence, nor did they have the evidence certified, but rested their motion for a new trial solely upon the allegation that the court had no power to try the case, as it had already gone to office judgment.

In a recent case quite similar to this, *James Sons & Co.* v. *Gott & Ball,* 55 W. Va. 233, 47 S. E. 649, the court held: "At the term at which an office judgment would become final by operation of the statute, if the plaintiff agrees with the defendant to continue the case until the next term, and such agreement and continuance is entered of record, they will prevent the office judgment becoming final by operation of the statute, and it cannot thereafter become final until it is entered up as the judgment of the court."

That case is entitled to special consideration, because it construes a statute similar to our own, and the reasoning of the court is strikingly applicable to the facts of this case. There the case was by agreement continued for trial to the first day of the next term; while this case was by agreement postponed for trial to a future day of the same term.

The court says: "The object of these provisions of the statute is to allow the plaintiff to have a judgment without unreasonable delay. The plaintiff may waive the benefit thereof and agree that the judgment shall not become final in accordance with the statute. Its agreement to a continuance is, in effect, such agreement: for the case is carried over to the next term in the same condition that it was in when the agreement became part of the record by consent of the parties. 9 Cyc. 150. The court could not have, on its own motion, entered a continuance to have such effect; nor could the defendants have had a continuance, without filing their

affidavit and pleading to issue.    But the plaintiff had the right to grant to the defendants time until the next term to file their affidavit and plead to issue, and thereby the operation of the law is interrupted and the finality of the office judgment prevented, and such judgment cannot afterwards become final until it is entered as the judgment of the court.  *King* v. *Hicks*, 32 Md. 460."

In the present case, as the agreement was to be carried into effect during the term, a contemporaneous order with respect to it was not necessary.   The record was *in fieri*, and the order could be entered at any time before final adjournment.

Without prolonging this discussion, we are of opinion that the judgment of the circuit court is eminently just and plainly right, and ought to be affirmed.

*Affirmed.*