# CHARLESTON.

WOODS *et al.* v. TETER.

Submitted March 5, 1912.   Decided September 23, 1913.

1.  PLEADING—*Verified Denial—Sufficiency.*
    The form for verification of pleadings, prescribed by § 42, Ch. 125, Code 1906, is insufficient as an affidavit by defendant under § 46 of the same chapter, unless when read with the pleading thus verified á denial of liability in whole or in part substantially appears therefrom.

2.  SAME.
    A case wherein the plea and verification are held insufficient.

Error to Circuit Court, Barbour County.

Action by J. Hop Woods and another against Floyd Teter. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Wilcox & Musgrave,* for plaintiff in error.

*J. Hop Woods* and *J. Blackburn Ware,* for defendants in error.

72 W. Va..

LYNCH, JUDGE:

By the action of debt, Woods and Ware seek recovery from defendant Teter of the amount due on a note. The terms and provisions, as stated therein, are: "Twelve months after date, with interest, I promise to pay J. Hop Woods and J. Blackburn Ware the sum of one thousand dollars, as and for agreed attorneys' fees as my counsel in the pending cause in the circuit court of Barbour county styled *Geo. M. Whitescarver et al.* v. *Floyd Teter,* and which fee is for professional services of said attorneys to be rendered in said cause in said court and in the Supreme Court of Appeals of the state in case of the appeal thereof thereto. Witness my hand and seal this 2d day of February, 1906. Floyd Teter (L. S.)."

Process issued June 18, returnable to July rules, 1908, more than one year after the date of the note. Plaintiffs then filed their declaration, accompanied by the affidavit provided by § 46, Ch. 125, Code 1906. The clerk, at the same time, entered the common order. At August rules, he also confirmed the common order. The defednant, for the first time, appeared to the action at September rules, when he tendered a plea of *nil debet,* without the counter affidavit required by said section. But at the same rules, and prior to the first day of the September term, he tendered and the clerk filed a special plea and affidavit, the substance of both of which is: that the plaintiffs ought not to have or maintain their aforesaid action, because he says that the note mentioned in the declaration "was for professional services of the said plaintiffs to be rendered" in the chancery cause stated in the note, pending in said court at the date of the note, "and for no other or further or different consideration or purpose, and that the said plaintiffs in consideration thereof were to render their professional services in the said chancery cause in the circuit court of Barbour county and in the Supreme Court of Appeals of this state; and the defendant avers that the said plaintiffs have failed to render said professional services in the chancery cause above mentioned in the said circuit court of Barbour county, and that the said chancery cause is still pending in the circuit court of said county, and the same is wholly undetermined and undecided; and so

this defendant says that the consideration for the said writing obligatory mentioned in the plaintiffs' declaration in this action sued on has wholly failed, and the defendant is entitled to his costs herein. And this the defendant is ready to verify." "State of West Virginia, County of Barbour, to-wit: Floyd Teter, being by me first duly sworn, says that the allegations contained in the said plea are true, except so far as they are therein stated to be upon information, and that so far as they are stated to be upon information he believes them to be true. Taken, signed and sworn to before me this the 1st day of September, 1908. F. M. Right, N. P."

At the first term of court thereafter, being the term next succeeding the date of the writ, the trial of the action was, on the defendant's motion and affidavit tendered for the purpose, continued for cause until the following term, at which defendant moved for leave to amend the affidavit verifying his special plea. The court refused leave to amend, and, on plaintiffs' motion, entered judgment against the defendant for the full amount of the note, interest and costs.

The errors assigned by the defendant are the refusal to grant leave to amend the affidavit, and the action of the court in entering judgment against him; in neither of which respects do we think the court erred.

The affidavit tendered and filed with the special plea did not sufficiently comply or attempt to comply with the requirements of § 46. It did not state or attempt to state that "there is not, as he (affiant) verily believes, any sum due from him to the plaintiffs upon the demand or demands stated in the plaintiffs' declaration," or "a sum certain less than that stated in the affidavit of the plaintiffs which as he verily believes is all that is due from him to the plaintiffs" upon such demand or demands. The final determination of the suit, the services in which constitute the consideration for the obligation, is not made a condition precedent to the payment of the amount due plaintiffs. The payment thereof is not upon any condition. The note is an absolute promise to pay after the expiration of one year. At maturity plaintiffs were entitled to payment. If not then paid, they could sue and recover, notwithstanding the pend-

ency of the Whitescarver suit, unless by proper plea the defendant asserted and established a good and sufficient defense to the action. The special plea states the facts appearing in the note, and that the suit is still pending. It does not assign any cause for delay in the Whitescarver suit, or charge such delay to the failure of the plaintiffs faithfully to serve defendant, or even suggest that nothing is due from him to them on the note, except by the general averment that they "have failed to render said professional services," that the suit is pending and wholly undetermined, and that therefore the consideration for the note has wholly failed. Defendant's affidavit that these general averments are true is not a substantial statement that "there is not, as he verily believes, any sum due from him to the plaintiffs" upon the note. In fact, it does not indicate any purpose or intention on his part to make any statement of that character. The nearest approach thereto is the general conclusion of the plea, based on the facts stated therein, that the consideration for the note "has wholly failed, and said defendant is entitled to his costs herein."

So that the special plea and affidavit, when read together, as properly they may be, do not substantially deny the liability of the defendant, and therefore in that respect fail to comply with § 46. They do not fall within the rule announced in *Walls* v. *Zufall,* 61 W. Va. 166, and *Ceranto* v. *Trimboli,* 63 W. Va. 340. In fact, it may with propriety be inferred that neither the draftsman of the plea and affidavit nor the defendant himself had in mind, at the date thereof, any purpose other than the making of the affidavit deemed necessary to the verification of the special plea under §5, Ch. 126, Code 1906.

The affidavit being clearly unavailing under §46, Ch. 125, it was not amendable after the adjournment of the first term. The circuit court, therefore, did not err either in refusing leave to amend or in entering judgment for plaintiffs.

Judgment affirmed.

*Affirmed.*