### KEELER BROS. v. YELLOWSTONE VALLEY NAT. BANK.

(District Court, D. Montana. June 21, 1916.)

No. 501.

JUDGMENT ⬤⟿138(1)—DEFAULTS—VACATION.

A default raises a presumption that the cause of action is valid and that defendant has no defense; but where a default is due to mistake, inadvertence, surprise or excusable neglect, and defendant appears to have a defense, the default will be set aside on terms, where motion is made within a reasonable time, and will not be upheld on the theory that there should be a speedy termination of litigation.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251; Dec. Dig. ⬤⟿138(1).]

At Law. Action by Keeler Bros., a corporation, against the Yellowstone Valley National Bank, a corporation. On motion by defendant to open its default. Motion granted on terms.

A. J. Galen and Frank W. Mettler, both of Helena, Mont., for plaintiff.

H. H. Hoar, of Sidney, Mont., and Walsh, Nolan & Scallon, of Helena, Mont., for defendant.

BOURQUIN, District Judge. The true theory of defaults is that defendant voluntarily admits the cause of action is valid, admits he has no defense, and consents to suffer judgment. This admission and consent are inferences or presumptions of fact from his conduct. If, on motion to vacate and permit answer, it appears his conduct is so far explained and excused that such admission and consent cannot reasonably be inferred or presumed, the default is set aside, in that it is due to mistake, inadvertence, surprise, or excusable neglect. On the other hand, if, despite his explanations and excuses, it is clear the inference or presumption ought to be and is drawn that he in fact so admitted and consented, he will not be permitted repentance or afterthought to withdraw such admission and consent; and the default stands, it is said, as a penalty for what is characterized as gross or inexcusable neglect—a wrong reason, it is believed, for a right decision.

Where time has not estopped, and where there is a defense, no default should withstand a motion to open for defense, unless under all the circumstances the aforesaid inference or presumption of fact ought to be and is drawn by the court. Speedy termination of litigation, sometimes invoked as sufficient reason to deny the motion, is not the end, but means, to justice; and delays from defaults, generally more apparent than real, should be penalized by terms rather than by judgments that may be gratuities to plaintiffs and punishments to defendants, having nothing of ultimate justice therein. Hence courts ought to and do lean to trials of the merits, and to vacate defaults even when only doubtful whether the inference or presumption is repelled or overcome, or, as generally put, doubtful whether the de-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fault should be opened. Canning v. Fried, 48 Mont. 563, 139 Pac. 448.

In this case the circumstances do not warrant the inference or presumption of admission and consent aforesaid, and though to · the cause of action sounding in unliquidated damages the defense may be doubtful, defendant's right to litigate the point (to say nothing of its right to participate in the assessment in any event), with all else, requires its timely motion be granted; and it is so ordered, provided within 10 days defendant pays all accrued costs and an attorney's attendance fee herein of $25.