**CICCARELLO v. JOS. SCHLITZ BREWING CO. et al.**

No. 3537.

District Court, S. D. West Virginia, at Charleston.

Nov. 1940.

Rummell, Blagg & Stone and B. J. Pettigrew, all of Charleston, W. Va., for plaintiff.

Brown, Jackson & Knight, of Charleston, W. Va., for defendant.

McCLINTIC, District Judge.

Plaintiff has filed a motion to direct the Clerk of the Court to make entry of default against the defendants, pursuant to Rule 55(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to enter judgment by default under 55(b) in favor of the plaintiff, and to order an inquiry of damages. In support of the motion, he filed an affidavit of default and assigned as grounds therefor "that: (1) the case is subject to the provisions of the new Rules of Civil Procedure; (2) that the defendants have heretofore invoked the said new federal rules in making oral examination of the plaintiff, pursuant to said

new federal rules, over the specific written objections of the plaintiff to the effect that defendants were in default; and (3) that the defendants have failed to answer the plaintiff's declaration within the time required by said Rules of Civil Procedure." Defendants oppose the motion upon the following grounds: (1) Defendants are not in default in answering plaintiff's declaration; (2) any default which might exist on the part of defendants has been waived by plaintiff; (3) the entry of a default judgment under Rule 55(b) is within the discretion of the Court; and (4) if in default, defendants are entitled to relief under Rule 6(b). Defendants filed an affidavit in opposition to the one filed by plaintiff, to which plaintiff filed a reply affidavit.

It is necessary to consider the history of the case for a proper understanding of the situation existing between the parties at the time of the motion for a default judgment. On November 9, 1935, summons was issued in the state court, the declaration was filed at December Rules and on the 27th day of that month a petition for removal was filed. The record upon removal was filed in this Court January 3, 1936, and thereafter no further proceedings were had until October 7, 1936, on which date defendants filed a motion for a more particular statement of the nature of plaintiff's claim, in response to which motion a statement was filed, to which objections and exceptions were taken by defendants and an order was entered requiring plaintiff within ten days to file an additional statement of particulars in response to the motion, giving certain information specified in the order. The statement was not furnished within the ten days specified and on February 8, 1937, the parties entered into a stipulation providing that defendants should have sixty days in which to prepare for trial after the filing of plaintiff's additional statement as required by the order of October 7, 1936, and providing further that the case should not be set for trial until after the expiration of the sixty-day period. Plaintiff continued in default in filing the additional statement and on December 2, 1938, an order was entered under Rule 13 of this Court dismissing the case. On February 7, 1939, an order was entered reinstating the case upon the docket and on August 4, 1939, defendants moved to dismiss the action, which motion was overruled upon condition that in the event plaintiff did not bring the action on for trial at the next term of Court in November, the action should be dismissed with prejudice, and on the same day the second statement of particulars was filed. Up to this time, the case had been continued by common consent of the parties at two terms in each of the years 1936, 1937, and 1938 and at one term in 1939. It was again continued on motion of defendants on October 11, 1939, and again on April 2, 1940, without objection by plaintiff. On the 11th day of June, 1940, the parties entered into a stipulation which provided:

"1. The depositions of J. D. Ciccarello may be taken in the above entitled action on behalf of defendants on Tuesday the 18th day of June, 1940, beginning at 10:00 o'clock in the forenoon of said day, at the offices of Brown, Jackson and Knight, 1601 Kanawha Valley Building, Charleston, West Virginia, pursuant to the Federal Rules of Civil Procedure.

"2. At the time and place aforesaid, said Ciccarello will, in so far as it may be within his power to do so, produce, and permit the inspection and copying or photographing, by or on behalf of defendants, of, the following designated documents, papers, and letters, to-wit:

"(Here follows a list of 18 letters and designation of all books of account, vouchers, records, correspondence, memoranda and other documents covering 15 different items.)"

Thereafter the parties entered into another stipulation providing that plaintiff's motion for a default judgment and defendant's motion for leave to plead should be heard together by the Court at some future time and that if defendant were allowed to answer, then such answer should be deemed and taken to have been filed and served on plaintiff on July 27, 1940. Thus after a lapse of four and one-half years from the time when the case was removed, plaintiff first apprised defendants of his claim that they were in default in pleading.

The first inquiry is as to defendants' status from the time the record was filed in this Court until September 16, 1938, the effective date of the new rules, a period of over two and one-half years. During such period, as pointed out in plaintiff's brief, the provisions of section 29 of the Judicial Code 28 U.S.C.A. § 72, requiring defendants to "plead, answer, or demur to the declaration", were in effect. It is

claimed by plaintiff that, upon the expiration of the thirty day period, defendants became in default in pleading and that the case thereupon was subject to remand. But the removal statute is not mandatory or jurisdictional in the sense that the time within which to plead may not be waived by the parties or extended by the Court, Wena Lumber Co. v. Continental Lumber Co., D.C., 270 F. 795, and this interpretation is borne out by the fact that there is nothing in the statute governing remands, Judicial Code § 37, 28 U.S.C.A. § 80, requiring a remand upon failure to plead within the thirty-day period. An extension of the statutory period for pleading is effected in Rule 11, section 3, of this Court, reading as follows: "3. The party removing said cause shall, within thirty days from the date of entering said cause in this Court, plead, answer or demur to the declaration or complaint therein, if same has been filed before removal, and in default thereof the cause shall stand upon the docket of this Court as matured at rules as if originally brought herein, and the plaintiff, or complainant shall have the same rights and control as to office judgments in cases at law as provided by the statutes of West Virginia; * * *"

Here, admittedly, a default judgment would require an inquiry of damages so that the time afforded defendants within which to plead depends on the West Virginia law on the subject which is to the effect that: "In an action of assumpsit, where an order for inquiry of damages is required, the office judgment entered at rules does not become final on the last day of the next succeeding term of court, not having been previously set aside, so as to bar a defense thereafter; but the defendant may plead to issue at any time before the order for inquiry of damages is executed." Philip Carey Mfg. Co. v. Watson, 58 W.Va. 189, 190, 52 S.E. 515. See also Rosencrance v. Kelley, 74 W.Va. 100, 81 S.E. 705; Walls v. William H. Zufall & Co., 61 W.Va. 166, 56 S.E. 179; Star Piano Co. v. Burgner, 89 W.Va. 475, 109 S.E. 491; Peters v. Hajacos, 91 W.Va. 88, 112 S.E. 233. It is, therefore, apparent that defendants were not in default in pleading at the time the new rules went into effect so that the next inquiry is as to whether they were in default at any time thereafter.

Plaintiff asserts that under the most liberal interpretation of Rule 12(a) defendants had only the twenty days, allowed by the rule, counted from the effective date thereof, within which to plead and that under Rule 81(c), providing that, in removed actions where no answer has been filed, the defendant must answer within the period allowed by the law of the state or within five days after the filing of the record in the district court, whichever period is longer, defendants had only five days from the effective date. The former rule is not applicable and the question is: How much time is allowed to plead under the law of the State? That question has already been answered with reference to the question of remand, but it is argued that, under Gerling (Martin's Adm'r) v. B. & O. Ry., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311, an answer cannot be made after the entry of a conditional office judgment. That case so held in effect on the question as to within what time removal must be effected but the holding was held to be obiter dictum by Judge Jackson in Wilson v. Winchester & P. Ry., C.C., 82 F. 15, who refused to follow the Gerling case. Whether or not the decision in the Gerling case is dictum, it has never been followed by this Court, nor generally by other district courts in common law states, as governing the time within which to plead to issue after removal, and it is not applicable herein because there the Court was attempting to interpret, under a mandatory provision of the removal statute, the State law specifying the time within which a defendant must plead, in a situation arising before removal, whereas here the same provision of the State law is to be applied after removal in a situation where the requirement as to the time within which to plead is not mandatory but discretionary with the Court.

While what has been said suffices to dispose of the motion on its merits, it is proper to state that, if the motion were otherwise well founded, it could not be sustained in view of plaintiff's consent to the several continuances, and other proceedings without objection by plaintiff, which were had, constituting a waiver of any right to a default judgment. James' Sons & Co. v. Gott & Ball, 55 W.Va. 223, 47 S.E. 649; Pollard and Haw v. American Stone Co., 111 Va. 147, 68 S.E. 266. Furthermore, if a default now existed and there had been no waiver thereof, we would feel obliged, in passing on the motion for judgment under Rule 55(b), to

494

overrule it. This rule permits such judgment but does not make it mandatory, obviously, by its very terms, leaving the matter within the discretion of the Court. It would not be in accord with the theory of default judgments, as stated in Keeler Bros. v. Yellowstone Valley National Bank, D.C., 235 F. 270, to permit plaintiff to take a default judgment by reason of any technical failure of defendants to plead when it is clear from the record that plaintiff has not been prejudiced by defendants not having pleaded and that it might work grave injustice to enter such judgment; nor would it be within the intent and spirit of the new rules to permit it. Moreover, a consideration of the record impels the conclusion that if plaintiff is correct in his contention that defendants are in default, such default is due to excusable neglect within the meaning of Rule 6(b) and again the Court would feel obliged to afford relief under this rule, if necessary.

The motion will be overruled with leave to defendants to file an answer under the stipulation providing therefor. An order will be entered accordingly.