# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William D. Goodwin,**
**Defendant Below, Petitioner**

**vs)  No. 13-0334** (Greenbrier County 11-C-183)

**First National Bank,**
**Plaintiff Below, Respondent**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William D. Goodwin, by counsel Robert J. Frank, appeals the circuit court's order granting summary judgment to respondent and denying petitioner's motion to dismiss. Respondent First National Bank, by counsel Jonathan Nicol and Karen S. Rodgers, filed its response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 1998, petitioner executed a Line of Credit Application with respondent. The line of credit was for $250,000, and petitioner agreed to repay the principal amount plus interest with the following terms: interest was to be paid quarterly and the principal balance outstanding was payable on demand. The line of credit was unsecured and was subject to an annual review and renewal by respondent. In or about December of 2009, respondent made its annual review of the agreement and elected not to renew the same. By letter dated March 3, 2010, respondent advised petitioner of its decision not to renew the agreement and demanded payment of the outstanding balance due and owing. That letter demands payment of $228,591.76, including principal in the amount of $221,914.15; interest through March 2, 2010, of $6,672.61; and late charges of $5.00. The letter also sets forth daily interest of approximately $19.76 for each day after March 2, 2010. Petitioner had ten days from the date of the letter to comply with the demand. Petitioner failed to repay the line of credit. However, petitioner offered to tender to respondent 7,975 shares of stock of respondent's holding company and a membership at the Homestead resort in return for settlement in full of the debt owed by petitioner pursuant to the agreement. Respondent rejected the offer.

Respondent filed a complaint against petitioner in August of 2011, seeking to recover the amount owed by petitioner, and petitioner filed an answer, including counterclaims against

1

respondent.[1] Petitioner also asserted affirmative defenses, including estoppel, waiver, and failure to mitigate damages. In petitioner's answer in the underlying action, he admitted that he executed a line of credit agreement with respondent on or about December 9, 1998, for up to the principal amount of $250,000. During discovery, counsel for respondent sent a copy of the account history to petitioner, asking that petitioner confirm that the account history accurately and correctly reflected all of the payments made by petitioner and the dates of those payments for the loan evidenced by the agreement. Respondent also requested that if there were loan payments made by petitioner that were not shown on the history that petitioner notify respondent of the same no later than November 12, 2012. No response or objection was provided disputing the correctness of the account history for the loan.

Respondent filed two motions for summary judgment, and petitioner filed a motion to dismiss. On January 22, 2013, the circuit court heard oral argument on the motions. Following the same, the circuit court entered its order granting summary judgment to respondent and denying petitioner's motion to dismiss on February 21, 2013. In granting summary judgment in favor of respondent, the circuit court held that the defense of failure to mitigate damages did not apply where there was an absolute promise to pay as contained in the promissory note. The circuit court entered judgment in favor of respondent in the amount of $249,477.52, and certified its order as a final judgment pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. Petitioner appeals from that order.[2]

"A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 226 W.Va. 257, 700 S.E.2d 317 (2010).

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

---

[1]The counterclaims were for breach of contract, tortious interference, fraudulent inducement, defamation, declaratory judgment, and lender liability. Petitioner added the counterclaim for lender liability by amendment.

[2]Although the circuit court's order granted respondent's motion for summary judgment and denied petitioner's motion to dismiss, the motion to dismiss is not included in the record before this Court. Petitioner does not set forth any assignments of error related directly to the denial of his motion to dismiss. Further, because this Court can dispose of petitioner's appeal addressing the arguments related to the award of summary judgment, *see infra*, we decline to address the denial of respondent's motion to dismiss.

On appeal, petitioner asserts three assignments of error. First, petitioner claims that the circuit court erred in determining that as a matter of law a line of credit agreement with no language guaranteeing payment or waiving affirmative defenses constituted an absolute and unconditional guarantee of payment. Petitioner states that the line of credit agreement was prepared by respondent and that respondent had sole discretion as to its contents and terms. In support of his argument, petitioner points to the fact that the agreement does not include any language specifically waiving any obligation on the part of respondent to realize upon the collateral. He claims there is an issue of material fact as to whether the agreement constituted an absolute promise to pay and that question creates ambiguity in the contract. Petitioner argues that the agreement does not contain an explicit statement that the payment to respondent must be in money or that other forms of value will not be accepted, so respondent should have accepted the offers of property, stock, and a membership to the Homestead in lieu of money. The line of credit agreement signed by petitioner states, in part: "By signing below, you agree to the terms of the agreement and you promise to pay any amounts you owe under the agreement. . . ."

Because the line of credit agreement is a promise to repay borrowed money, it is akin to a promissory note. As we have held previously, "'a promissory note, signed by the maker, containing an unconditional promise to pay a sum certain in money and payable on demand or a fixed determinable future time, to order or bearer, is negotiable in its origin, and continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise.' Syllabus point 1, in part, *Maryland Trust Co. v. Gregory*, 129 W.Va. 35, 38 S.E.2d 359 (1946)." Syl. Pt. 6, *Arnold v. Palmer*, 224 W.Va. 495, 686 S.E.2d 725 (2009). Despite petitioner's contention that respondent should have accepted some other form of repayment than money, as set forth above, the agreement clearly states that petitioner agreed to pay "any amounts" owed under the agreement. There is no language in the agreement that supports petitioner's contention that respondent was required to accept forms of repayment other than money. Thus, from our review of the record, we find that respondent was entitled to summary judgment on this issue.

Petitioner's second assignment of error is that the circuit court erred in determining as a matter of law that a line of credit or other loan agreement can impact a waiver of affirmative defenses in the absence of specific language within the loan document waiving those defenses. Petitioner argues that his assertion of the defense of mitigation of damages precludes respondent's entitlement to summary judgment in this case. Petitioner sets forth argument pursuant to a case from the District Court for the Southern District of West Virginia and a 1913 case before this Court. *See, generally, Safeco Ins. Co. v. Mountaineer Grading Co.*, 2012 WL 830158, Civil Action No. 2:10-cv-01301 (S.D.W.Va. March 9, 2012) and *Woods v. Teter*, 72 W.Va. 668, 79 S.E. 658 (1913). Mitigation of damages is a permissible affirmative defense in actions for breach of contract. *See generally Middle-West Concrete Forming and Equip. Co. v. General Ins. Co. of America*, 165 W.Va. 280, 267 S.E.2d 742 (1980). However, an injured party is responsible for doing only those things which can be accomplished at a reasonable expense and by reasonable efforts. *Id.* at 288, 267 S.E.2d at 747. There was no obligation in the agreement requiring respondent to accept items of possible value in lieu of money as repayment of petitioner's financial obligation. While petitioner places certain values on the items he offered to respondent, there is no guarantee that respondent would have received those sums upon selling the items. In addition, requiring respondent to sell property and intangible items in order to recover the debt owed by petitioner does not fit within the reasonable expense and reasonable

3

efforts criteria previously set forth by this Court. Thus, the affirmative defense of mitigation of damages is not applicable under the facts of this case.

Petitioner's final assignment of error is that the circuit court erred in entering summary judgment against petitioner and in favor of respondent. This argument is addressed above in response to the other assignments of error and the standard for summary judgment articulated many times by this Court. Respondent presented a properly supported motion for summary judgment to the circuit court. Despite petitioner's contentions of error by the circuit court, for the reasons set forth above, we find that summary judgment was proper in favor of respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II