## ADOLPH C. MEYER *vs.* JOSEPH W. SAUL.

*Limitations in Equity—Demurrer—Jurisdiction—Accounting—Conditional Contract.*

The defence of limitations may be raised by demurrer to a bill in equity when from the face of the bill it can be seen that the statute applies.

When equity has concurrent jurisdiction with a Court of law in a claim for an accounting, the Court which first assumes jurisdiction is entitled to retain it.

A contract by which plaintiff sold to defendant the receipts for certain medicinal preparations and the right to manufacture the same, provided for the payment of a royalty on sales to the plaintiff up to a certain sum, and also that the plaintiff should be employed by the defendant as selling agent for one year. It was also provided that if plaintiff's son should not within one year thereafter execute a similar contract with the defendant, then there should be no further payment of royalties until that was done or proof made of the death of plaintiff's son. More than five years after the date of the agreement, plaintiff filed a bill for an account of all sales made. *Held*,

1st. That the plea of limitations was a bar to the relief asked, respecting the sales of the first year.

2nd. That since it was not alleged that the plaintiff's son had executed the contract stipulated for, or that he was dead, the defendant was under no obligation to pay royalties after the first year.

Appeal from an order of Circuit Court No. 2, of Baltimore City (WICKES, J.), overruling a demurrer to the bill of complaint. The case is stated in the opinion of the Court.

The cause was submitted to ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, ROBERTS and BOYD, JJ.

*Thomas R. Clendinen* for the appellant.

*John V. L. Findlay* and *Thomas Mackenzie* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

On the 22d of November, 1889, the appellant, his wife and another entered into an agreement with the appellee for

the purchase by him of the right to manufacture and sell the preparations known as " Old Saul's Catarrh Cure," and " Old Saul's Pile Ointment," together with all the material on hand, including all the receipts and fixtures used in their manufacture, and all other matters and things connected with the business of manufacturing and selling said remedies. In consideration of said sale to the appellant, he agrees to pay the appellee $125 for the stock on hand, materials, receipts, fixtures, &c., and a royalty of five dollars for each gross of said preparation sold by the appellee, until the sum of $3,500 had been paid to him. The appellant reserving the privilege of paying to the appellee at any time the difference between the amount of royalty paid and the sum of $3,500, which last mentioned sum, when paid, was to be in full discharge of all royalty; that the appellant should advertise said preparation as far as he deemed best, with the distinct understanding that he was to follow his own judgment entirely as to how, where or to what extent said advertising should be done; that the appellant was to employ the appellee, as selling agent for said preparation, for the period of one year from the date of the said agreement, and he, in virtue of such employment, was to give his time and best endeavors in effecting sales of said remedies, and in so doing, he was to act under the control and conform in all respects to the directions of the appellant, and that in consideration of said employment, he was to receive as compensation the sum of $100 per month, and also his railroad fares whilst engaged in traveling under the direction of the appellant, and an allowance of two dollars for his other expenses whilst out of the city in the employ of the appellant. Further, that if the appellee should die within one year of the date of said agreement, the salary of $100 per month for the balance of the year was to be paid to the personal representatives of the appellee; and further, that if the appellee should sell within the territory of Maryland, Pennsylvania, New York and the New England States one hundred gross of said preparation within one year from the

date of said agreement, that then his employment should continue for another year after the expiration of the first year's employment under said agreement. And the appellee further agreed with the appellant that unless Albert J. Saul, the son of the appellee, should within one year from the date of said agreement, without expense to the appellant, enter into a written contract with the appellant, containing the same covenants as are expressed in the said agreement of date November 22d, 1889, that then the appellant should be relieved from all obligation to pay the appellee any further royalty upon said preparations until said Albert J. Saul executed such contract, or satisfactory proof of his death be furnished the appellant. On July 1st, 1890, the parties to the original contract added a clause to the said agreement, which on the same day was amended and changed, but as the added clause has no bearing on this appeal it will not be considered.

On the 6th of May, 1895, the appellee filed in the Court below his bill in equity against the appellant, setting forth substantially the provisions of said agreement, the material facts of which have been incorporated in the statement already made. The original of said agreement is filed with said bill as an exhibit and part thereof. The bill contains the further statement that at the expiration of the first year the parties to this appeal entered into a verbal contract which is wholly disconnected with the agreement exhibited with the bill, and is to this effect, that the appelllee having failed to sell one hundred gross of said preparation within the first year of his employment under said agreement, as stated, he continued in the employ of the appellant, and sold said remedies on commission during the second year and thereafter, and that while he continued to sell on commission the sales gradually fell off, and in consequence the amount paid to the appellee on account of royalty diminished, until finally little or nothing was received from this source.

A word of comment here in passing. After the appellee

failed to sell the stipulated amount of said remedies within the first year of his employment, by which he was to become entitled to employment for another year, he enters into a new contract to sell upon commission, and according to his own showing, he was not entitled to receive a royalty on the sales of the second year.

The bill prays that the appellant be required to account under oath for all sales made by him of the aforesaid preparations during the year beginning the 22d of November, 1889, and ending on the 21st of November, 1890 ; and also calls for the statement of all sales made since the said last-mentioned date, and the quantity of said preparation he has at present on hand unsold; and further prays, that if it should be made to appear that the appellant did not report the true amount of sales made by him during the first year, and that the quantity sold exceeded one hundred gross of said preparation, that then the appellant be required to pay to the appellee the same salary for the second year as was agreed to be paid for the first.

. As the demurrer which the appellant has interposed to this bill goes to the whole bill, we have thought it proper to state at length all the facts material to the proper consideration of the questions at issue. On May 20th, 1895, the appellant filed in support of his demurrer the following reasons :

1st. Because more than three years have elapsed since the matters complained of in the years 1889, 1890, 1891 and 1892.

2d. Because the agreement filed as " Plaintiff's Exhibit No. 1," claimed to be the basis of plaintiff's right of action, shows that plaintiff has now no claim against this defendant.

3rd. Because no facts are alleged to sustain or justify the allegations of the plaintiff's irreparable injury, and as the bill of complaint itself shows that this defendant is solvent, plaintiff had full, complete and adequate remedy at law.

The first reason assigned substantially sets up the Statute of Limitations as a bar to the maintenance of this action.

The practice, as established by this Court in a number of cases, respecting demurrers to bills in equity, leaves very little to be said on this subject.   The late JUDGE MILLER, delivering the opinion of this Court in *Biays* v. *Roberts' Admrs.*, 68 Md., 511, said: "This appeal is from a decree sustaining a demurrer to a bill in equity and dismissing the same.   One of the grounds relied on in support of the decree is limitations, and this Court has recently decided that this defence may be availed of if under a general demurrer, where from the face of the bill it can be seen that the bar applies, and where no facts are stated sufficient to relieve it from the operation of the statute."   *Belt* v. *Bowie*, 65 Md., 355; *Noble* v. *Turner et al.*, 69 Md., 527.

The appellee, in his brief, says: "Conceding that limitation would apply to claim for salary, but not to other part of claim, demurrer ought to be overruled as to first ground." We think this proposition is not sustained by any authority; certainly none to which our attention has been called.   We have looked with patient care for the "other part of claim," to which limitation, it is alleged, did not apply, but have failed to discover it.   It is universally conceded practice in Courts of Equity that several causes may be assigned for demurrer, and if one be good and the other bad, the demurrer will be sustained, since the defendant may at the argument on terms assign new causes of demurrer.   *Story* v. *Eq. Pl.* (5th ed.), sec. 443; *Cooper's Eq. Pl.*, 112; *Jones* v. *Frost*, Jac. 468.

In so far as we have been able to ascertain from the provisions of the bill of complaint, there is no allegation of any claim or statement of any facts sufficient to relieve it of the bar of the statute, and this being so, it comes within the ruling of this Court in *Biays* v. *Roberts' Administrator*, *supra*.

Whilst from the view we have taken of the first ground assigned in support of the demurrer, it will not be necessary to give extended consideration to the second and third reasons, we will yet briefly consider them together in their

bearing upon this controversy. The second assignment must prevail because the appellant has not agreed as to the particular time when he would proceed with the manufacturing and sale of said preparation, and there is no allegation contained in the bill that he has unfairly or unreasonably delayed the performance of any duty devolving upon him in the due and proper execution of said agreement. Yet further, by the terms of the sixth clause of said agreement, which relates to the execution by Albert J. Saul, the son of the appellee, of an agreement containing like covenants with the original agreement filed as an exhibit with the bill in this case, under the condition hereinbefore stated, there is no averment that said Albert has complied with said condition, or that satisfactory proof of his death has been furnished to the appellant. The appellee disposes of this difficulty by simply saying that this provision as to Albert J. Saul is waived by conduct of the appellant.

The circumstances of the waiver are not explained, and we fail to recognize in the statement of the bill any facts pertinently bearing upon the subject or as directly tending to show how the appellant by his conduct has established a waiver. The demurrer unquestionably admits the truth of the facts stated in the bill, so far as they are relevant and well pleaded, but not conclusions of law or theories of construction drawn therefrom. We find nothing in the record sustaining the appellee's contention on the question of waiver; and giving proper construction to the sixth clause of said agreement, there is no ground for the assertion that the condition in the sixth clause of said agreement has been waived by the appellant. It is then very clear that the appellant could not be required after the expiration of one year from the date of said agreement to pay any further royalty to the appellee. As to the third assignment, little need be said. If the appellee has a remedy under said agreement it is as to jurisdiction concurrent, and may be maintained either in a Court of Equity or in a Court of law.

It is stated in this bill, and admitted by the demurrer, that the appellant is a man of means, and abundantly able to carry on the business contemplated by the agreement of the parties; there is, therefore, nothing in the charge of irreparable injury, and if the appellee had sued at law, instead of in equity, the appellant would have been, according to the allegations of the appellee, able to respond to such a verdict as might have been recovered against him. A Court of Equity has, however, first assumed jurisdiction of the cause; it will, therefore, be permitted to retain it. The motion to dismiss must be overruled. *Chappell* v. *Funk*, 57 Md. 471, 475; *Hecht* v. *Colquhoun*, 57 Md. 563. For the reasons assigned the order of the Court below overruling the demurrer must be reversed.

*Order reversed and cause remanded*
*for further proceedings.*

(Decided January 9th, 1896.)