# W. STARR GEPHART and HERBERT M. BRUNE,
### Receivers of Charles W. Lord & Co., et al.,
### vs.
# WINFIELD J. TAYLOR.

*Limitations and laches in equity.*

On appeal in a receivership case, the questions as to commissions to the receiver, and the allowance of certain credits to him were not passed on, as they had been reserved by the Court below for its future action; subsequently on the petition of the receiver, he was discharged, without the determination of any of the matters in his accounts formerly in dispute; after the lapse of more than twenty years from the date of the receiver's appointment and more than fifteen years after his discharge, the same questions were again raised; held that under the circumstances, there being nothing to prevent the running of the statute, or to remove the case from the defense of laches and lapse of time, such claims were stale as well as barred by limitations.                                                    p. 115

The defense of limitations may be availed of under a general demurrer, where, from the facts of the bill it can be seen that the bar of the statute applies and where no facts are alleged sufficient to suspend its operation.                            p. 115

*Decided June 26th, 1914.*

Appeal from the Circuit Court No. 2 of Baltimore City. (Ambler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*George Whitelock* and *W. H. DeCourcy Wright,* for the appellants.

*Washington Bowie, Jr.,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of Circuit Court No. 2 of Baltimore City, sustaining a demurrer, and dismissing the petition of the appellants, as receivers of the firm of Charles W. Lord & Co.

The petition is filed on behalf of certain creditors, against the appellee, a former receiver of the firm, and seeks to enforce an alleged liability by him to the co-partnership firm of Charles W. Lord and Co. growing out of the administration of the receivership.

The petition was filed on the 4th of December, 1913, in the equity cause of *Lord* v. *Sprigg,* in Circuit Court No. 2 of Baltimore City, and the contentions of the appellants appear from the several averments of the petition.

The early proceedings in the case, are set out in the case of *Diamond Match Company* v. *Taylor,* 83 Md. 394, and need not be more fully recited here.

The prayer of the petition is, first, that the application made by the receiver Taylor, on the 31st day of October, 1895, for a re-hearing in respect to the refusal of the Court to allow him more than 40 per cent. of the amount of claims of attaching creditors which he had paid as such receiver may be dismissed; second, that the Court shall determine the question of the first receiver's (Taylor) liability for his commissions; and third, that special counsel be designated by the Court to represent the receivers in these proceedings.

To this petition, the appellee Taylor, demurred, and for cause of demurrer, assigned the following reasons:

1. That the receivers have not stated in their petition such a case as entitles them to any relief in equity against him.

2. That the claim against him sought to be established in this petition is barred because it did not accrue within twelve years before the petition was filed.

3. That the proceedings herein, as well as the petition of the receivers, show that he was discharged from all liability and responsibility herein.

4.   Because it appears that he has been released from all claims and demands which could or might possibly be brought against him.

5.   Because it appears that the petitioners, the receivers herein, are estopped from attempting to assert any claim or demand against him because of their laches.

It appears, that on the 2nd day of June, 1893, the partnership of C. W. Lord and Company was dissolved and that the appellee Winfield J. Taylor was on the same day appointed its receiver, with power to continue the business of the firm, until the further order of the Court.  Subsequently on or about the 14th of January, 1895, a co-receiver was appointed, the property was ordered to be sold, and the assets were directed to be distributed among the creditors of the firm.   A number of auditors' reports and accounts were made and stated in the cause wherein commissions were allowed the original receiver and wherein he was credited with the total sums paid by him in settlement of certain attachment suits. Some of these accounts were ratified and confirmed, and some of them were rejected, upon exceptions.

The controversy between the different classes of the receivership creditors was settled by this Court, in *Diamond Match Co. v. Taylor,* 83 Md. *supra.*   The questions now raised, as to whether the receiver, Taylor, should be allowed any commissions, and whether he should be credited with the sums which he paid in excess of forty per cent. to the attaching creditors, were not determined, on the appeal in 83 Md., *supra.*   It was there held, that as the Court below had reserved these questions for future action, they were not properly before the Court, on that appeal.

The same questions are now presented on this appeal, after a lapse of more than twenty years, from the date of the appointment of the original receiver, the appellee here, and more than fifteen years after the release and discharge of the appellee, from the further execution of the receivership and the appointment of one of the appellants as receiver in his place and stead.

It also appears, that on the petition of the appellee filed on the 31st of May, 1898, to be discharged as receiver, the auditor stated Account No. 14 filed on the 2nd day of December, 1898, which was the last and final account of the administration of the receivership by the appellee. This account shows a balance of $276.87 in the hands of the receivers and was duly ratified by the Court on the 13th day of December, 1898. There was no reservation of any matters in dispute under the former accounts and it appears to have been a final adjudication of the amount with which the appellee, as receiver, was chargeable.

Subsequently, on the 16th day of December, 1898, the appellee, was released and discharged from the further execution of the receivership. The order of Circuit Court No. 2 of Baltimore City, passed therein is as follows:

"The report and account of the auditor filed in these proceedings, December 1st, 1898, having been finally ratified and confirmed on December 13th, 1898, no cause to the contrary having been shown, it is ordered by the Circuit Court No. 2 of Baltimore City, this 16th day of December, 1898, on the petition filed in this case and upon careful consideration of the proceedings therein that the said Winfield J. Taylor, co-receiver and petitioner in said proceedings, be and he is hereby released and discharged from the further execution of said receivership, and that W. Starr Gephart be, and he is hereby appointed co-receiver in his place and stead.

"And it is further ordered that upon the said W. Starr Gephart duly qualifying as such co-receiver in the penalty of ten thousand dollars ($10,000) to be approved by the clerk of this Court, the said W. Starr Gephart and Samuel D. Schmucker, the remaining co-receiver, shall execute a release acquitting and discharging the said Winfield J. Taylor from all claims and demands which could or might possibly be brought against him the said Winfield J. Taylor by any of the parties interested for or on account of said sum of money in said account ascertained to be due and pay-

able to all parties therein interested, thereby declaring said parties fully satisfied, contented and paid."

This brings us to the main question in the case, and that is, what is the legal effect and operation of the order of Court passed on the 16th of December, 1898, and set out herein.

The Court below held as one of the grounds for sustaining the demurrer that the effect of the order was at least to mature immediately all claims against the appellee, arising out of the receivership, so that all such claims are now stale and antiquated as well as barred by the Statute of Limitations.

We think the Court below was entirely right in so holding, and, as this conclusion disposes of the case, apart from any other consideration, we do not deem it necessary to discuss the other questions raised on the record.

There is nothing stated in the petition that prevents the running of the statute or that would remove the case from the application of the doctrine of laches and lapse of time; *Munnikhuysen* v. *Magraw et al.,* 58 Md. 558; *Preston* v. *Horwitz,* 85 Md. 171; *Hawkins* v. *Chapman,* 36 Md. 99; *Warburton* v. *Davis,* 123 Md. 225.

In *Biays* v. *Roberts,* 68 Md. 511, it is said, that the defense of limitations may be availed of under a general demurrer where, from the face of the bill, it can be seen that the bar applies, and where no facts are stated sufficient to relieve it from the operation of the statute; *Noble* v. *Turner,* 69 Md. 519; *Smith* v. *Davis,* 49 Md. 470; *Meyer* v. *Saul,* 82 Md. 463.

The motion to dismiss the appeal will be overruled. The right of the receivers to take the appeal is established by the cases of *Knabe* v. *Johnson,* 107 Md. 616, and *Beilman* v. *Poe,* 120 Md. 444; *Thomas* v. *Farmers Bank,* 46 Md. 43.

For the reasons stated, the order of Court, dated the 19th day of February, 1914, sustaining the demurrer and dismissing the appellant's petition, will be affirmed.

*Order affirmed, with costs.*