# CHARLESTON.

## GRAY *et al.* v. MANKIN.

Submitted March 22, 1910.    Decided October 24, 1911.

1. JUDGMENT—*Default—Office Judgment.*

It is only in actions wherein no writ of inquiry is requisite that office judgment becomes final so as to bar counter affidavit and plea at a subsequent term. (p. 545).

2. APPEAL AND ERROR—*Review—Presumptions.*

When the record does not exhibit a counter affidavit, tendered and refused in a case in which counter affidavit is admissible under Code 1906, ch. 125, sec. 46, it must be presumed that the same was so defective as to justify the refusal. (p. 546).

3. SAME—*Harmless Error.*

Refusal to consider a properly interposed demurrer cannot be ground for reversal when the record shows that the demurrer was not well taken. (p. 546).

4. SAME.

A judgment entered as upon an office judgment confirmed, in a case in which a writ of inquiry is proper, while technically irregular as to procedure, is not reversible when the record shows that no jury was demanded and the same judgment must have been entered on inquiry of damages. (p. 546).

Error to Circuit Court, Randolph County.

Action by W. R. Gray and others against Crockett Mankin. Judgment for plaintiff and defendant brings error.

*Affirmed.*

*Matheney & Hutchinson,* for plaintiff in error.

*W. H. Rardin,* for defendant in error.

ROBINSON, JUDGE:

By this writ of error Mankin seeks to reverse a judgment against him, in favor of W. R. and J. E. Gray, as partners. The action is one in debt. With the declaration plaintiffs filed an affidavit of the amount claimed, pursuant to Code 1906, ch. 125, sec. 46. The trial court, evidently considering that there was a final office judgment by reason of the filing of this affidavit, refused to receive a demurrer to the declaration, which defendant tendered at a term subsequent to that at which an office judgment in the case would become final, if a final one were proper. The court also refused to allow the defendant to file his counter affidavit and set off account, both of which were tendered for the first time at that subsequent term. No jury being demanded by either party, the court entered judgment for the amount claimed in plaintiffs' affidavit, as upon an office judgment confirmed.

On proper exceptions saved, defendant assigns that it was error to refuse consideration of his demurrer to the declaration, to refuse the filing of his counter affidavit and set off account, and to enter judgment as upon an office judgment confirmed. Some other assignments of error are made, but they are so clearly untenable that we need not notice them in this opinion.

There was no such final office judgment in the case that a counter affidavit could not be filed at the subsequent term. The action was debt on a mere open account, not on a bond or writing, and a writ of inquiry was requisite. Code 1906, ch. 125, sec. 45; 4 Minor's Inst. (3rd ed.) 724; *Hunt* v. *McRea,* 6 Munf. 458; *Shelton* v. *Welch,* 7 Leigh 175. In such case a defendant may file his counter affidavit and plea at any time before the writ of inquiry is executed. *Cary Mfg. Co.* v. *Watson,* 58 W. Va. 189. It is only in cases wherein no writ of

inquiry is necessary that the office judgment becomes final so as to bar a counter affidavit and plea at a subsequent term. Still, though this case was one for a counter affidavit, we cannot say that the court erred in not admitting the counter affidavit tendered. The record does not exhibit that counter affidavit. Its exclusion may have been justified on tenable ground other than the untenable one that it came too late. It may not have been a good and sufficient affidavit—one in compliance with the statute. Defendant does not show us by the record that the counter affidavit was one that should have been admitted. In the absence of that showing, we must presume that its exclusion was warranted. And, of course defendant was not entitled to file his offset account until he had filed a sufficient counter affidavit. The exclusion of the one on proper ground was the warranted exclusion of the other.

However, defendant insists that his demurrer to the declaration was not a plea to issue and should have been considered, counter affidavit or no counter affidavit. That may be true. We need not digress on this subject. It suffices to say that if the point is well taken, no harm came to defendant. A careful consideration of the declaration convinces us that a demurrer thereto, if it had been admitted, would rightfully have been overruled. Defendant suffered no prejudice in the exclusion of his demurrer. The declaration is sufficient.

Technically, we may say, it was not proper to enter a judgment in this case as upon an office judgment confirmed. The case was not of the character to warrant that procedure. It demanded the execution of a writ of inquiry. But the execution of such writ was all that remained to be done when defendant, so far as we can see from the record, was properly denied the filing of a counter affidavit. The amount due plaintiffs remained to be determined by executing the writ of inquiry which the nature of the case made requisite therein. That amount was determinable by plaintiffs' affidavit since nothing else was offered as on inquiry of damages. No jury was required on this inquiry, since the record discloses no demand for one by either party. Code 1906, ch. 131, sec. 7. The judgment which the court did enter was exactly the amount claimed by plaintiffs in their affidavit. So the same judgment was reached by the court that it must have reached under the form of execut-

ing a writ of inquiry. Defendant has not been prejudiced by styling the judgment one on an office judgment confirmed, since the same judgment would have been entered against him on an inquiry of damages. The court virtually executed an inquiry of damages and followed a finding therein to judgment.

There is no error in the record prejudicial to defendant. The judgment will be affirmed.

*Affirmed.*