## CHARLESTON.

ROSENTHAL *et al.* *v*. FOX *et al.*

Submitted September 10, 1910. Decided April 23, 1912.

1. NEW TRIAL—*Grounds—Discretion of Court.*

   The trial court can not properly set aside a verdict and grant a new trial when it has committed no error to the prejudice of the party against which the verdict was rendered and when the verdict is not plainly contrary to law and the evidence. (p. 753).

2. JUDGMENT—*Office Judgment—Inquiry of Damages.*

   An inquiry of damages is requisite in an action based on a writing for the payment of money which by its terms does not ascertain the amount to be paid thereunder. Code 1906, ch. 125, sec. 45, does not refer to writings in which the amount to be paid is undetermined. (p. 753).

Error to Circuit Court, Cabell County.

Action by Samuel Rosenthal and another, partners, against

Sam Fox and another.  Judgment for defendants, and plaintiffs bring error.

*Reversed and Rendered.*

*W. K. Cowden,* for plaintiffs in error.

ROBINSON, JUDGE:

An examination of the record discloses no error committed at the trial to the prejudice of the defendants.  Nor does it show the verdict found by the jury in favor of the plaintiffs to be contrary to law and the evidence.  Therefore, the order of the trial court setting aside the verdict and granting a new trial is not justified.  *Robinson* v. *Kistler,* 62 W. Va. 489.  By a fair and proper submission of the case, the plaintiffs obtained a verdict on which they should have had judgment.  The order denying them that right is not warranted by the record.  The court at the trial properly applied the written contract on which the action is based.  The legal consequence of that writing is so clear and simple that it deserves no discussion here.

The office judgment in this case was properly set aside by counter affidavit filed at a term subsequent to the one following the entry of that office judgment.  An inquiry of damages was demanded.  "It is only in actions wherein no writ of inquiry is requisite that office judgment becomes final so as to bar counter affidavit and plea at a subsequent term."  *Gray* v. *Mankin,* 69 W. Va. 544.  True, the action is based on a writing for the payment of money.  Code 1906, ch. 125, sec. 45.  But that writing is not for a definite or ascertained amount.  It is a guaranty to pay as much as may be found due, not exceeding four hundred dollars.  It is like a bond with collateral condition.  The statute cited does not mean this kind of writing for the payment of money.  That statute refers to a writing for the payment of an ascertained amount.  If the amount to be paid under a writing on which action is based is not definitely settled by its terms, the amount must be ascertained by an inquiry of damages. 4 Minor's Inst. (3rd ed.) 724; *James River, etc., Co.* v. *Lee,* 16 Grat. 424; *Assurance Co.* v. *Everhart,* 88 Va. 952.

The order setting aside the verdict and granting a new trial will be reversed and judgment entered here on the verdict.

*Reversed and Rendered.*