# CHARLESTON

ROSENCRANCE v. KELLEY et al.

Submitted March 11, 1914.   Decided April 14, 1914.

1. PLEADING—*Time to Plead.*
   Where a declaration in assumpsit contains the common counts, and a special count on a written contract, as a basis for recovery of an agreed rental of machinery and unliquidated damages thereto occasioned by negligence imputed to defendants, the latter may, upon affidavit when necessary, plead to the action at any time before final judgment upon a duly executed writ of enquiry. (p. 100).

2. SAME—*Time to Plead—Office Judgment—When Final.*
   Until the execution of such writ where requisite, an office judgment does not become final, precluding the right to plead to the action. (p. 102).

Error to Circuit Court, Randolph County.

Assumpsit by J. M. Rosencrance against Lee J. Kelley and others. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

*Jared L. Wamsley,* for plaintiffs in error.

*C. H. Scott* and *H. G. Kump,* for defendant in error.

LYNCH, JUDGE:

Plaintiff sues in assumpsit for the recovery of rent due, as he avers, upon a written contract whereby he leased to defendants an engine and boiler for use by them as part of a sawmill to cut timber into lumber, and of damages for the negligent abuse of both engine and boiler. The rent reserved was 25 cents for each 1000 feet of lumber cut by defendants. According to the contract stated in the declaration, defendants agreed to return the machinery in good condition, with the proviso that if the engine burst without fault on their part they were to be absolved from liability therefor. Plaintiff charges non-compliance with the contract, both as to payment of rent and return of the machinery in good condition. The arrearage of rent claimed is $12.25; the damages for injury to the machinery, $224.50.

The declaration contains the common counts, and a special count on the contract. Upon return of process duly executed, the clerk entered the common order at August rules, 1911, and at September rules confirmed the common order, filed plaintiff's affidavit and awarded a writ of enquiry. Defendants did not appear until the second term next ensuing the proceedings at rules. They then tendered an affidavit in the form prescribed by §46, ch. 125, Code 1913, and the plea of the general issue; both of which the court rejected, and on plaintiff's motion, entered the judgment to which this writ of error was allowed.

From the recitals in the order awarding judgment appears the only reason for the court's ruling upon the tender of defendants' affidavit and plea. The reason it assigned was that plaintiff, having filed at September rules his affidavit pursuant to §46, showing the amount then due, was entitled to final judgment at the October term next ensuing; and that, as no action was then taken or motion therefor made, or any appearance or plea and affidavit by defendants at that term, the only legitimate action at any succeeding term was the entry of a final judgment for plaintiff. In this conclusion we can not concur.

Except the small item of rent, plaintiff's claim is for damages resulting from negligence in the care, use and operation of the leased machinery. While the contract bound defendants to return the machinery in good condition, it also contained an implied promise to compensate plaintiff for any loss occasioned by a failure on their part to keep their engagement. But it can not be said that the agreement of lease was for the payment of money arising out of contract, in the sense used or for the purpose intended in any section of chapter 125, Code. The action is for unliquidated damages, occasioned by defendant's negligence. That purpose is manifest from what has already been said. Of the judgment for $260.31, only $12.25 can reasonably be said to be money arising out of contract in the sense used in the statute. The residue is damages due and recoverable solely because of the negligent conduct attributed to defendants. Whether they were negligent, and if so the extent to which plaintiff suffered injury therefrom, were proper subjects for ascertainment

under an executed writ of inquiry, such writ as the clerk entered at rules.

Where the amount of damages is an uncertain element and not capable of exact computation, a writ of enquiry should be executed to ascertain the exact amount. *Hickman* v. *Railroad Co.,* 30 W. Va. 296; *Rosenthal* v. *Fox,* 70 W. Va. 752; 10 Enc. Pl. & Pr. 1149. The procedure recognized in this state requires a trial upon a writ of enquiry, where the declaration contains the common counts alone or the common and one or more special counts. *Glass Co.* v. *Glass Co.,* 58 W. Va. 477. Until the execution of the writ, the defendants may at any time plead to issue, and, having so pleaded, demand and have a trial by jury. *Manufacturing Co.* v. *Watson,* 58 W. Va. 189; *Hickman* v. *Railroad Co., supra;* 4 Min. Inst. 724. This right was denied them by the court, by proceeding to judgment upon an erroneous theory.

Nor does *Gray* v. *Mankin,* 69 W. Va. 544, cited, avail to affirm the judgment, as plaintiff claims: first, because the affidavit appears in this record; there it did not. Here, the tender of the general issue was, in effect, a challenge to trial by jury, in substance a demand. There no demand appears, by plea or otherwise; no plea was filed or tendered. The trial court rejected an affidavit in that case without a plea then or subsequently tendered. That case tends, by indirection, to support defendant's right to file the affidavit and plea rejected by the court, and their right to a trial thereon.

We therefore reverse the judgment rendered on March 18, 1912, and remand the case, with direction to file defendants' affidavit and plea and to proceed thereon, according to the principles herein announced and otherwise according to law.

*Reversed and Remanded.*