# CHARLESTON.

ARTHUR PETERS *v.* A. J. HAJACOS *et al.*

Submitted April 26, 1922.          Decided May 2, 1922.

1.  DAMAGES—*Filing Affidavit with Declaration Does Not Dispense with Order for Inquiry of Damages.*

    In an action of assumpsit on an open account, the filing of an affidavit with the declaration, conforming to the requirements prescribed by provisions of sec. 46 of ch. 125 of the Code, does not dispense with the necessity of an order for an inquiry of damages.   (p. 89).

2.  PLEADING—*In Assumpsit Defendant Can File Affidavit and Plea in Bar at Any Time Before Full Execution of Inquiry of Damages.*

    In such case, the defendant has absolute right to file his counter affidavit and plea in bar, at any time before full execution of such order of inquiry, and the trial court has no discretionary power to abridge or deny it, on the ground of delay.   (p. 90).

3.  STATUTES—*Statutes Denying Right to Defend for Delay Strictly Construed as Being in Derogation of Common Law.*

    Being in derogation of the common law and against common right, statutes denying right of defense, on the ground of delay, are strictly construed, and the limitation cannot be extended beyond either the terms or the spirit of the statute, by construction.   (p. 91).

4.  JUDGMENT—*Erroneous Admission of Plea of Non-Assumpsit,
    Unaccompanied by Affidavit, Does Not Authorize Judgment
    for Plaintiff, Notwithstanding the Verdict.*

    Erroneous admission of a plea of non-assumpsit unaccompanied by a counter affidavit, in such case, and a verdict for the defendant found by a jury, on such plea, do not authorize a judgment for the plaintiff, *non obstante veredicto.* (p. 91).

(LIVELY, JUDGE, absent).

Error to Circuit Court, Kanawha County.

Action in assumpsit by Arthur Peters against A. J. Hajacos and another, as partners. A verdict for the defendants was set aside upon plaintiff's motion, and judgment rendered notwithstanding the verdict, and the defendants bring error.

*Reversed and remanded.*

*J. Howard Hundley* and *E. M. Surber,* for plaintiffs in error.

*Lively & Stambaugh,* for defendant in error.

POFFENBARGER, PRESIDENT:

Only a question of practice arises upon this writ of error to a judgment for $1,600.00, rendered in an action of assumpsit upon an open account for services rendered. The details of the origin of the claim asserted are not material and need not be stated.

The declaration was filed at August Rules, 1921, together with the affidavit provided for in sec. 46, ch. 125 of the Code. At the next term of the court, one of the two defendants sued as partners, appeared and tendered two special pleas called pleas in abatement, one of which averred the promises alleged, if any, were made to a person other than the plaintiff, and the other that the court had not jurisdiction because the plaintiff and defendant were partners, in respect of the transaction out of which the cause of action was alleged to have arisen. Both of these having been rejected, he tendered a plea of non-assumpsit, which was admitted over objection. The order shows no joinder of issue, but a jury was impaneled and the evidence of the parties introduced. Thereupon

the plaintiff moved the court to strike out the plea and direct a verdict for him. His motion was overruled and then the defendant asked leave to file a counter affidavit and his plea of non-assumpsit, which was refused. Thereupon the jury returned a verdict for the defendants, but the court, upon the motion of the plaintiff, entered the judgment complained of notwithstanding the verdict, evidently under the impression that no writ of inquiry of damages was necessary. Before this motion was sustained and in resistance thereof, one of the defendants tendered an affidavit denying the partnership alleged and again tendered the counter affidavit and plea, all of which the court rejected.

In an action of assumpsit upon an open account, the filing of the statutory affidavit does not dispense with the necessity of an inquiry of damages, by virtue of the provisions of secs. 44 to 47 of ch. 125 of the Code. *Walls* v. *Zufall & Co.*, 61 W. Va. 166; *Gray* v. *Mankin*, 69 W. Va. 544; *Rosenthal* v. *Fox*, 70 W. Va. 752; *Rosencrance* v. *Kelly*, 74 W. Va. 100.

In such case the defendant may file his counter affidavit and plea, at any time before execution of the order for inquiry of damages. *Philip Cary Mfg. Co.* v. *Watson*, 58 W. Va. 189; *Federation Window Glass Co.* v. *Cameron Window Glass Co.*, 58 W. Va. 477; *Walls* v. *Zufall & Co.*, 61 W. Va. 166; *Wilson* v. *Shrader*, 73 W. Va. 105; *Gray* v. *Mankin*, 69 W. Va., 544.

As the affidavit and plea were tendered before the jury returned a verdict, they were in time, even though the jury may be deemed to have been merely executing the order, and not trying an issue as to liability irrespective of amount. So regarded, the order had not been executed. It was only in process of execution. The statute means what it says. The Legislature has defined the limit of restriction upon delay in making defense, in accordance with its own views as to policy, and, as the whole scheme of such limitation is in derogation of the common law and against common right, the statute is strictly construed. There was no power in the court to extend the limitation. *Ash* v. *Lynch*, 72 W. Va. 238. The claim of discretionary power, in view of the peculiar facts and circumstances, is utterly unfounded. The

right of defense is sacred and limitation thereof is a legislative function.

No matter what the jury was trying, the counter affidavit and plea should have been accepted. If the inquiry of damages was in process of execution, the tender of these papers legally terminated it. If the jury were trying an issue as to liability, the defendants had right to amend their pleadings. *Lawson* v. *Williamson Coal Co.*, 61 W. Va. 669, 680. If the plea and counter affidavit had been permitted to go in, the trial might have proceeded to verdict and judgment.

The motion for judgment *non obstante veredicto* was made upon the theory of a confession by the defendant of the plaintiff's cause of action, by their failure to plead in proper time and manner. There is no room for such a theory. The statute governs in such cases and its interpretation is well settled. Under that interpretation, the defendants tendered their plea and affidavit in time.

It is unnecessary to discuss any of the other questions argued in the briefs. The judgment will have to be reversed and the case remanded for new procedure as to everything subsequent to the declaration, bill of particulars and statutory affidavit. The counter affidavit and plea of non-assumpsit and any other proper pleas offered must be admitted.

*Reversed and remanded.*