# CHARLESTON.

A. Ingram *v.* F. W. Johnstone

(No. 5938)

Submitted October 11, 1927.    Decided November 1, 1927.

1.  Master and Servant—*Evidence Held to Support Finding of Breach of Contract of Employment, Entitling Plaintiff to Damages for Loss of Profits.*

    A case in which the evidence warrants the finding of the jury that the defendant had breached a contract of employment that existed between the parties, entitling the plaintiff to damages for loss of profits under the agreement.   (p. 411.)
    (Master and Servant, 39 C. J. § 126.)

2.  Damages—*In Assumpsit on Open Account, Filing Statutory Affidavit With Declaration Does Not Dispense With Necessity of Order for Inquiry of Damages (Code, c. 125, § 46).*

    In an action of assumpsit on an open account, the filing of an affidavit with the declaration, conforming to the requirements prescribed by provisions of Section 46 of Chapter 125 of the Code, does not dispense with the necessity of an order for an inquiry of damages.   (p. 413.)
    Damages, 17 C. J. § 352 [Anno.])

3.  Pleading—*In Assumpsit on Open Account, Admitting Plea of Non Assumpsit, Unaccompanied by Counter Affidavit, is Cause for Reversal, But Not Ground for Entering Judgment for Plaintiff's Full Demand (Code, c. 125, § 46).*

    Erroneous admission of a plea of *non assumpsit* accompanied by a counter affidavit, in such case, is cause for reversal, but not ground for entry of judgment by the appellate

court in favor of the plaintiff for full amount of the demand stated in the declaration and accompanying affidavit. (p. 413.)

(Pleading, 31 Cyc. p. 608 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Assumpsit by A. Ingram against F. W. Johnstone for breach of a contract. Judgment for plaintiff, defendant brings error, and plaintiff assigns cross-error.

*Affirmed.*

*A. M. Belcher,* for plaintiff in error.

*D. W. Taylor* and *Ernest E. Coon,* for defendant in error.

LITZ, JUDGE:

The plaintiff, A. Ingram, and defendant, F. W. Johnstone, entered into a written agreement, April 18, 1926, whereby the former as carpenter foreman agreed to construct for the latter a dwelling and garage in the City of Charleston. The contract provides (1) that Ingram is "to render his own services as carpenter, employ carpenters or other labor, consult with owner on letting of subcontracts, supervise all work and subcontracts and attend to any other duties that might arise and require his attention"; and (2) that he shall receive as compensation $10.00 per day for time actually employed, not in excess of 110 days, and upon completion of the buildings, "a bonus" equal to the difference between this amount and $1,500.00.

The plaintiff proceeded promptly and expeditiously with the work until June 7, 1926, when the defendant, without indicating that he would permit the plaintiff to resume performance later, ordered him to suspend, and refused to advise the plaintiff as to the probable duration of suspension. The following day, defendant wrote plaintiff three letters. One states: "This is to advise you that my garage front doors will not be fastened for several days owing to installation of doors. I am advising you of this that you may remove all tools. If you do not, they will be left there at your risk." Another reads: "Please deliver to Mr. Spitler key to garage,

basement sash, glass fasteners, plans and specifications, or anything else you have that pertains or belongs to my house job.'' After transmitting these two letters, and obtaining legal advise, the defendant sent the third letter, advising: ''On April 12, 1926, I employed you under written contract as carpenter foreman to perform services for me in the construction of a house at 2410 Kanawha street. By the terms of this contract, you were to employ carpenters and other labor. On the 1st of May the carpenters, together with other crafts of this city, went on a general strike, since which date there has been no union scale of wages in the City of Charleston. I am now in a position to obtain the services of skilled carpenters from 75c to $1.00 per hour, and am anxious that the construction of this house continue without delay. These men whom I can now furnish at the wages above mentioned, can perform any work that you may call upon them to do, and as my foreman, I shall expect you to secure the services of such men at the above price of wages. Your failure to do this, I shall consider a breach of your contract and will terminate the same on or before the 11th day of June, 1926. These men, whose services I can now secure, are working on the open-shop plan in the City of Charleston, and it's to my interest to employ these men. Of course, your contract of $10.00 per day will continue in the event you are willing to have these men work under you.''

Without attempting further performance of the contract, the plaintiff instituted this action, in assumpsit, June 16, 1926, for loss of profits resulting from alleged breach of the contract by defendant, filing with his declaration a sworn itemized statement of account in compliance with Section 46, Chapter 125, Code. The defendant was permitted to plead, over the objection of the plaintiff, without filing a counter-affidavit. The plaintiff objected to the introduction of evidence by the defendant and moved the court to award judgment in his favor for $1,150.00, the amount set forth in the declaration and accompanying affidavit, which objection and motion were overruled.

The defendant states, as the reason for ordering the plaintiff to suspend work, that the latter was employing union

carpenters at the union wage of $1.25 an hour. An agreement theretofore existing between the building contractors association and the carpenters union of Charleston fixing the scale of wage at $1.25 an hour, terminated May 1, 1926. The contractors belonging to the association had been employing from 40 to 50 of the 375 to 385 union carpenters in Charleston. The defendant-after assuming charge through another carpenter foreman in the latter part of June 1926 employed open-shop men at $1.00 an hour instead of union carpenters who were demanding $1.12½ an hour. The plaintiff testified that his reasons for not resuming performance after receipt of the third letter of the defendant were: (1) that he could not have employed non-union carpenters without subjecting himself to fine and expulsion from the union; (2) that he could have performed the work in less time with union carpenters; and (3) that the proposal in the letter limiting his compensation to $10.00 per day ignored the bonus to which he was entitled under the contract. He testified further that at the time of executing the contract he informed the defendant of his purpose to employ only union carpenters. C. L. Jarrett, a representative of the union, says the defendant advised him immediately before engaging the plaintiff that he intended to employ union labor in the construction of the buildings, because the better class of mechanics belonged to the union. The defendant admits in his testimony that he knew the plaintiff would by virtue of the contract employ union carpenters until May 1st, 1926, and gives no reason why this authority should not have continued throughout the performance of the work, except the claim, denied by the plaintiff, that he reserved the right to suspend operation at any time. The defendant acquiesced in the employment of union carpenters from the commencement of the work in April until June 7th, when the plaintiff had already engaged carpenters with whom he estimates the work could have been finished by September 4th, the time fixed by the contract for the completion of performance. As the plaintiff was entitled to $1,500.00 for his services in supervising the construction, by completing the work within the estimated time, he would have earned $400.00 in addition to compensation of

$10.00 per day. The construction was not actually completed by the other foreman with open-shop carpenters until December.

The trial resulted in a verdict and judgment of $400.00 for the plaintiff. Refusal of an instruction on behalf of the defendant and alleged insufficiency of the evidence to support the verdict constitute the grounds of error. The instruction in question would have informed the jury that it was the duty of the plaintiff under the contract to employ competent and skilled mechanics at the lowest wage, and that if the plaintiff did not resume work because the defendant required him to employ open-shop mechanics, who were willing to work at lower wages, than members of the union, then they should find for the defendant. The defendant knew the plaintiff was a member of the union, and would therefore employ union labor. In view of these and the other facts detailed, the instruction was properly rejected. The evidence is also sufficient to sustain the verdict.

The plaintiff cross-assigns error based upon the action of the court in overruling his objection to the defendant's plea and his motion for judgment in the amount stated in the declaration and affidavit. If the plaintiff in an action for recovery of money arising out of contract files with his declaration the affidavit prescribed in Section 46, Chapter 125, Code, no plea shall be filed, unless the defendant shall file therewith a counter affidavit in accordance with the provisions of said section. The defendant's plea, unaccompanied by the required affidavit, should, therefore, have been rejected; but the action being one in which an inquiry of damages is necessary, the failure of the defendant to file such affidavit did not entitle the plaintiff to judgment without trial or proof of his claim. ''In an action of assumpsit on an open account, the filing of an affidavit with the declaration, conforming to the requirements prescribed by provisions of Section 46 of Chapter 125 of the Code, does not dispense with the necessity of an order for an inquiry of damages.'' *Peters* v. *Hajacos*, 91 W. Va. 88. Erroneous admission of a plea of *non-assumpsit*, unaccompanied by a counter affidavit is cause for reversal, but not ground for the entry of judgment by this Court in

favor of the plaintiff for the full amount of his demand. Such action is authorized only in cases falling within the provisions of Section 45 of said Chapter, in which an inquiry of damages is unnecessary. As the plaintiff does not ask for a reversal, the judgment will be affirmed.

*Affirmed.*